[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Commerce and Industry Insurance Company brings this action seeking to vacate an arbitration award in favor of the defendant Roy Gray. The defendant opposes the application of the plaintiff and has moved to confirm the arbitration. The parties have submitted certain exhibits to the court and were heard on April 2, 2001.
The arbitration in this matter was invoked pursuant to a contract of insurance that provided for uninsured/underinsured motorist coverage. It is undisputed that the defendant had a policy with the plaintiff company when he was badly injured in a motor vehicle accident on August 22, 1996, on Route 5 in Wallingford, Connecticut. There were two other vehicles involved in the accident, a car owned and driven by Matthew LaPointe, and a tractor-trailer owned by Lily Transportation Corporation and driven by James Newman. The accident happened when the LaPointe car made a left turn in front of the oncoming Newman tractor-trailer, and the Newman truck jackknifed in attempting to avoid the LaPointe car, slamming into the defendant's vehicle. CT Page 5284
Matthew LaPointe had a liability policy from the Allstate Insurance Company. It is undisputed that the limits of coverage under that policy were $20,000 and that a tender of that amount to the defendant exhausted those policy limits. The plaintiff and the defendant then proceeded to arbitration under the underinsured motorist provisions of the defendant's Commerce and Industry Insurance policy.
An award was rendered on November 20, 2000. The award was unanimous. The panel of three arbitrators, one selected by the plaintiff, one by the defendant, and one selected by the other two arbitrators, found the following: the responsibility for the accident was 90% that of LaPointe and 10% that of Newman; that as to LaPointe, only Matthew LaPointe's Allstate policy provided liability coverage for this accident, and that a Hartford Insurance Company policy naming LaPointe's father as an insured did not provide additional liability coverage for this accident; that the amount of gross damages to fully and fairly compensate the defendant was $460,000; and that the credits that should be applied to reduce that amount were $101,304.81, on account of the LaPointe policy ($20,000), workers' compensation ($35,304.81), and the proportional negligence of Newman ($46,000).
What is initially placed in issue by the plaintiff is whether the defendant also had an obligation to make a claim under the Hartford Insurance Policy insuring Ronald LaPointe, the tortfeasor's father. The plaintiff asserts that without a formal claim, and evidently the pursuit of such a claim to full resolution, the defendant has failed to exhaust all liability policies and thus is not covered by the underinsured motorist provision of the Commerce and Industry policy. The defendant counters that this issue — whether there was any additional liability insurance coverage available to pay the defendant for his injuries — was one of the subjects addressed by the arbitrators as part of the unrestricted submission and was, in fact, fully considered and rejected. The second issue raised by the plaintiff is the failure of the arbitrators, in light of their apportionment finding, to apply the "reconfiguration" scheme of Conn. Gen. Stat. § 52-572h(g) such that the shortfall from LaPointe's policy was made up first from the other tortfeasor (Newman) before the application of the defendant's own underinsured motorist benefits.
THE SCOPE OF REVIEW
The parties disagree on the proper scope of this court's review. The plaintiff argues that since the underlying issue is one of whether the plaintiff's policy covered the defendant in this circumstance, this is a compulsory arbitration under Conn. Gen. Stat. § 38-336, and thus the CT Page 5285 scope of review is de novo. American Universal Insurance Co. v.DelGreco, 205 Conn. 178, 530 A.2d 171 (1987). The defendant argues that this was a voluntary unrestricted submission so that the scope of review is limited.
Conn. Gen. Stat. § 38-336 (c) provides that if the insurance policy obligates the parties to arbitrate, the "final determination of insurance coverage" shall also be a mandatory subject of the arbitration. The plaintiff insurer raised the issue of whether the defendant was covered by this policy for underinsured benefits, because of a failure to exhaust all other sources of liability coverage. The plaintiff thus placed in issue the question of whether the defendant had properly invoked coverage under the policy. In DelGreco, the Supreme Court held that "where judicial review of compulsory arbitration proceedings required by [§ 38-336 (formerly 38-175c(a)(1)] is undertaken under General Statutes § 52-418, the reviewing court must conduct a de novo review of the interpretation and application of the law by the arbitrators." AmericanUniversal Insurance Co. v. DelGreco, supra, 191.
The fact that the written submission of the parties was unrestricted is not dispositive. Rather the court must look to the claims and defenses of the parties to determine whether the issue of coverage was central to the dispute. As to that issue — the presence or absence of coverage because of the claimed failure to exhaust other available policies — the court must apply de novo review to the determinations of law made by the arbitrators.
EXHAUSTION OF OTHER COVERAGE
Notwithstanding the obligation of the court to apply de novo review to the legal determinations of the arbitrators, the determination thereafter made by the arbitrators was partly a factual one. Matthew LaPointe owned and drove his own car at the time of the accident. That car was not a covered vehicle on the Hartford policy. The arbitrators assumed for the sake of argument that he was a "family member" in his father Ronald LaPointe's household as defined by the Hartford policy.[1] The arbitrators reviewed the Hartford policy, however, and unanimously determined that Ronald LaPointe's Hartford policy excluded from coverage any vehicle not a covered auto which was owned by a family member. Therefore it is immaterial whether the plaintiff is correct that Matthew LaPointe was a family member. Under either a de novo or deferential scope of review, the arbitrators correctly applied the law when they interpreted the Hartford policy as excluding from coverage the car owned and driven by Matthew LaPointe.
The finding of the arbitrators that the defendant had exhausted all CT Page 5286 sources of liability coverage before looking to the underinsured motorist provisions of his own policy with the plaintiff cannot be disturbed by this court.
RECONFIGURATION OF DAMAGES UNDER CONN. GEN. STAT. § 52-572h(g)
The plaintiff argues that because the arbitrators determined that Matthew LaPointe and James Newman were both tortfeasors, and that LaPointe's policy was insufficient to pay his apportioned share of the damages, Conn. Gen. Stat. § 52-572h(g) requires that the defendant first look to Newman's policy to make up the shortfall before seeking recovery from his own underinsured motorist coverage. Even if the reconfiguration theory of 52-572h were to apply, the arbitrators correctly found that "the conditions precedent required before that section is triggered do not exist in the case at bar." Arbitration Award, p. 2. That statute presupposes that there are parties before the court over whom the court has personal jurisdiction and against whom some kind of judgment has, in fact, entered. The statute presupposes a problem in collecting the judgment as apportioned by the trier of fact. These circumstances are not present in this arbitration. The statute simply does not apply to this situation. The arbitrators' determination in this regard will not be disturbed.
CONCLUSION
The claims made by the plaintiff in its Application to Vacate Arbitration Award are without merit. Accordingly, the application is denied. The defendant's Motion to Confirm Arbitration Award is granted. The court, having postponed the presentations of counsel on defendant's claim for an award of interest, requests that counsel for the defendant contact the clerk and counsel for the plaintiff to arrange for the scheduling of further proceedings.
Patty Jenkins Pittman, Judge